IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

RON NICHOLS, ET AL.                                                                   PLAINTIFFS

Case Number: **3:03CV00169 GH**

AMERICAN CYANAMID COMPANY, ET AL.                              DEFENDANTS

## ORDER

Plaintiffs have brought this action alleging that their cotton crops were damaged after they applied Prowl® 3.3 EC herbicide ("Prowl"), an herbicide manufactured by defendants, to their cotton fields. Pending before the Court are a number of motions pertaining to discovery.

Motion to Quash Plaintiffs' Subpoenas to Kim Mayberry and Union Planters Bank and Defendants' Motion for Protective Order

Mayberry is a sales representative for defendants. Plaintiffs have subpoenaed Mayberry to appear for a deposition on January 13, 2006, and to produce her bank statements and records for the period March 1, 2000 to August 30, 2000.

Plaintiffs already deposed Mayberry on September 7 and 8, 2004. Federal Rule of Civil Procedure 30(a)(2), requires that plaintiffs obtain leave of Court to depose Mayberry a second time. Plaintiffs have filed a motion for leave to take supplemental depositions (see discussion *infra*).

Mayberry asserts that the subpoena is an invasion of her privacy and that compliance would violate her right to privacy with regard to her personal financial

-1-

information. She further asserts that the subpoena seeks irrelevant information. Mayberry contends that there is no evidence that plaintiff ever purchased Prowl from Mayberry.

Mayberry also challenges the subpoena issued to Union Planters Bank seeking Mayberry's bank account records from March 1, 2000 to August 30, 2000, for the reasons stated above as well as that compliance with the subpoena could violate the Gramm Leach Bliley Act. *See* 15 U.S.C. § 6801(a)

Defendants' request a protective order prohibiting plaintiffs from seeking to discover Mayberry's private financial information.

As stated above, plaintiffs have filed a motion for leave to take supplemental depositions. As discussed *infra*, the Court is persuaded that plaintiffs have established good cause for the Court to grant them leave to take supplemental depositions of Aycock and Mayberry. The Court further finds that Mayberry's motion to quash and defendants' motion for protective order should be denied. Plaintiffs have demonstrated what they contend is inconsistent testimony, and have established a basis to further investigate the source of the Prowl that was supplied Nichols. There is no question that the information sought is relevant. The Court is not persuaded that Mayberry would be unduly burdened by compliance with the subpoena to appear for a deposition. The Court, however, is concerned with the privacy rights of Mayberry in her personal financial records, particularly as Mayberry is not a party to this action. Therefore, any confidential information, such as account and social security numbers, should be redacted from the documents.

Thus, the motion to quash and motion for protective order are denied.

Defendants' Motion for Sanctions:

Defendants state that Plaintiffs have failed to provide complete responses to defendants' discovery requests despite two Court orders and numerous letters from defendants' counsel to Plaintiffs' counsel. In particular, defendants state that plaintiff Freeda Parrent has not produced any income tax records and that plaintiff Ron Nichols has not produced income tax records for the years 2000 and 2001. Additionally, defendants state that plaintiffs' counsel has refused to schedule depositions for plaintiffs Cletis Nichols, Rosemary Nichols, Vance Lee, Freeda Parrent and a representative for Circle N Farms as well as depositions of key witnesses identified by plaintiffs.

Defendants request the imposition of sanctions, including the awarding of fees, costs and expenses associated with their discovery motions and the extension of certain deadlines for defendants only.

Plaintiffs respond that the failure to produce the tax returns is the result of oversight on the part of Plaintiffs' counsel. Plaintiffs refute defendants' assertions that they provided Nichols a written authorization for the release of his 2000 and 2001 tax returns and that Plaintiffs' counsel have not cooperated in scheduling depositions.

It appears that action has now been taken to provide the requested tax returns. The Court cannot find that defendants are unduly prejudiced by the delay in so producing the information, as defendants were already in possession of numerous

financial records regarding Nichols.  Additionally, the Court cannot find that plaintiffs refused to schedule depositions or stymied the discovery process.

Plaintiffs' behavior has not been so egregious as to warrant the imposition of sanctions.  Thus, the motion for sanctions is denied.

Plaintiffs' Motion to Compel Written Discovery

Plaintiffs seek responses to certain discovery requests to which they state defendants have objected.  Defendants counter that they have provided efficacy trials as well as documents concerning claims of injury to cotton caused by Prowl in Arkansas and Missouri.  They contend that discovery about claims for injury to crops other than cotton is irrelevant.  The Court agrees that such information is of little probative value given the particularities of each type of crop with regard to planting conditions and other factors.  Defendants need not produce the information concerning crops other than cotton.  Thus, the motion to compel with regard to Interrogatory Nos. 6, 11, 12, 21, 22, 23 and Requests for Production Nos. 7, 8 10 and 12 is denied.

Request for Production No. 21 requests written recommendations by Kim Mayberry in crop year 2000 for the application of Prowl.  Request for Production No. 22 seeks production of any printed advertisements pertaining to Prowl.  Defendants assert that they have produced all documents in their possession in response to these discovery requests.  The motion to compel these documents is therefore denied as moot.

Interrogatory No. 183 and Request for Production No. 76 seek an accounting as to the Prowl sample product which was provided to American Cyanamid employees in

1998, 1999, and 2000, including sales representatives and technical representatives in Missouri and Arkansas. Interrogatory No. 185 and No. 185, and Requests for Production Nos. 77 and 78 seek information about the chain of custody as to the only remaining jugs believed to have contained Prowl that Plaintiffs applied in 2000.

Defendants assert that they either provided all existing information or that the records requested do not exist. They did not track chemical samples provided to its sales representatives. Thus, the motion to compel this information is denied.

In sum, the Court finds that defendants have either provided the information requested, that the information requested does not exist, or that the information is irrelevant. Thus, the motion to compel is denied.

Plaintiffs' Motion for Leave to Take Supplemental Depositions

Plaintiffs seek to conduct discovery on the limited subject of the source of the Prowl sold to Ron Nichols, including the discovery of any personal financial records that may reflect the receipt of either the product or payment for the product. In particular, plaintiffs seek to take additional depositions of Mayberry and Barry Aycock, both of whom have been deposed previously by plaintiffs.

Federal Rule of Civil Procedure 30(a)(2)(B) authorizes a party to take a second deposition of the same witness upon leave of Court and for good cause shown. Plaintiffs contend that Aycock testified in his January 20, 2005, deposition that Ron Nichols purchased from Aycock part of the Prowl herbicide applied to Plaintiffs' 2000 cotton acreage. He further stated that he obtained the Prowl from a representative of

American Cyanamid, that Aycock was selling the Prowl for the representative, and that Aycock did not make any money from the sale. The testimony was consistent with that of the deposition testimony of Kim Mayberry.

Plaintiffs contend that their counsel met with Aycock on July 15, 2005, at which time he stated that the Prowl herbicide delivered to plaintiff was made available by Mayberry and that he thought Mayberry was selling the product for another representative. Aycock stated that he tendered Nichols' check for $6,715.00 to Mayberry either in the form of a check or cash. Aycock later confirmed to plaintiffs' counsel his statement that Mayberry was the source of the Prowl in telephone conversations of December 12, 2005, and December 28, 2005.

After the July 15th statement, Plaintiffs propounded additional discovery requests. Plaintiffs state that they have been unable to discover the source of the Prowl Aycock delivered to Nichols or the nature and quantity of the product samples made available to defendants' sales and technical representatives. Plaintiffs argue that they should be able to take the supplemental deposition testimony of Mayberry and Aycock on the limited issue of the source of the Prowl provided to Nichols in the crop year 2000, including the discovery of personal financial records that may reflect the receipt of either the produce or payment for the product.

In determining whether to grant leave to take a second deposition, the Court must consider whether to do so would be consistent with the principles stated in Fed. R. Civ. P. 26(b)(2). That Rule directs the Court limit discovery if "(I) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other

source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2).

Plaintiffs contend that their needs outweigh any burden or expense on either defendants or the witnesses. Plaintiffs assert that they cannot obtain the limited information they seek through any other means. Furthermore, the expense or burden on defendants is minimal given that additional depositions are being taken and the information requested is limited.

The Court finds that plaintiffs have established good cause to take a supplemental deposition of Mayberry and Aycock. Thus, the motion for leave to take supplemental depositions is granted.

Accordingly, the motion to quash, motion for protective order, motion for sanctions, and motion to compel written discovery are denied. The motion for leave to take supplemental depositions is granted.

IT IS SO ORDERED this 12th day of January, 2006.

*George Howard, Jr.*
UNITED STATES DISTRICT JUDGE